Filed 2/3/15  Kassab v. Kim CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| EMAD KASSAB,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOON HAN KIM et al.,<br><br>        Defendants and Appellants. | B247361<br><br>(Los Angeles County<br>Super. Ct. No. TC024633) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lynn D. Olson, Judge.  Affirmed.

Caroline A. Molloy for Defendants and Appellants.

Rick A. Blake & Associates and Rick A. Blake for Plaintiff and Respondent.

_____

This case arises from the sale of commercial property and a dispute over a driveway. Following a bench trial, the trial court found that the sellers had breached the purchase agreement and awarded damages to the buyer. The sellers contend that the buyer produced no evidence of damages and that the damages awarded are excessive. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

**The Property**

In 2005, defendants and appellants Joon Han Kim and his wife Soon Ok Kim (collectively the Kims) purchased a commercial lot in Compton, California (the property). A driveway adjacent to the property allowed access to the property's back parking lot. Fences and gates enclosed the property and driveway. The Kims believed, and from appearances it looked like, the property included the driveway.

In 2006, the Kims obtained approval from the City of Compton (the City) to install new gates at the location of the preexisting gates, which allowed the Kims to block access to the property. The Kims also received permits from the City to open a Laundromat on the property, including a permit for the installation of a water filtration system, which the Kims installed under the driveway at a cost of $20,000.

**The Property Dispute**

In early 2008, Randy Heffernan and his wife Norma L. Heffernan (collectively the Heffernans) bought the commercial lot next to the Kims' property. The Heffernans did not believe their purchase included the driveway. In May 2008, when the Heffernans were drawing up plans for a retail grocery store, they learned that the fence along the driveway encroached on their lot. In June 2008, they sent a letter to Mr. Kim informing him of such and asking him to remove the fencing. Mr. Kim asked for a lot survey. Because the Heffernans were low on funds, they did not obtain a survey. However, the Heffernans repeatedly told the Kims that they (Heffernans) owned the driveway. In

---

[1] The facts are primarily taken from the trial court's amended statement of decision since there is no reporter's transcript of the trial.

September 2009, the Heffernans filed a claim with their title insurance company, and opened their grocery store in November 2009.

Sometime in the late fall, the Kims listed the property for sale. On or about December 1, 2009, an agent with the Heffernans' title insurance company sent a letter to the Kims informing them of the Heffernans' claim.

**Purchase of the Property**

Plaintiff and respondent Emad Kassab was interested in purchasing the property. On December 23, 2009, he and the Kims executed a purchase agreement in the amount of $1,385,000, which included $750,000 for the property and $635,000 for the Laundromat.

Between January and March 2010, Mr. Kassab and Mr. Kim met at the property several times. The Heffernans' claim to the driveway was never discussed. Escrow closed on March 10, 2010, and Mr. Kassab became the owner of the property. The lot survey establishing the Heffernans' ownership of the driveway was finally completed on or about May 20, 2010. Mr. Kassab first learned of the Heffernans' claim to the driveway around the same time.

**The Lawsuit**

Mr. Kassab sued the Kims for breach of the purchase agreement and declaratory relief, and sued Mr. Kim for intentional and negligent misrepresentation. (He also sued the Heffernans, who are not parties to the appeal.)

**The Trial and Ruling**

After hearing testimony, reviewing the parties' written submissions and considering objections to its tentative ruling, the trial court issued an amended statement of decision. The trial court found that the Kims breached the purchase agreement by, inter alia, failing to include a legal description of the property, and that Mr. Kim was liable for intentional and negligent misrepresentation. The court found that Mr. Kassab was entitled to damages from the Kims "for the value of the driveway, his lost business value without the driveway, the costs to move the water filtration system, interest and costs pursuant to Memorandum of Costs." The court awarded compensatory damages in the total amount of $257,903,41.

3

The trial court explained how it arrived at its damages calculation in its amended statement of decision. As to the value of the driveway, the court relied on the testimony of Alan Irish, a C.P.A. and certified appraiser called by Mr. Kassab, that the land value of the driveway was $81,119, to which the court added $15,690.41 in interest. As to damages for a reduction in the Laundromat's value without the driveway, the court relied both on the testimony of Laurie Chaidez, a real estate broker called by the Heffernans, that the value of the driveway was $715 per month, and on Mr. Heffernan's offer to Mr. Kassab of a yearly lease of $10,000 to $13,000 for the next 10 years for use of the driveway. The court found that the Heffernans's valuation "is a reasonable amount to compensate Mr. Kassab for the loss of value from the time Mr. Kassab purchased the property to ten years in the future, for a total of $123,127." As to damages for moving the water filtration system, the court noted that Mr. Kassab would have to hire a plumber to dig a new hole and obtain permits to move the system, and that Mr. Kassab testified that the work would take approximately three weeks to perform. While the court found "the evidence on these costs was very limited," it awarded Mr. Kassab damages in the amount of $37,967. Finally, "[b]ecause there was no evidence of any damages for the misrepresentation claims, the court award[ed] Mr. Kassab nominal damages of $1.00 on each [of] the intentional misrepresentation and negligent misrepresentation claims, for a total of $2.00." Judgment was entered accordingly. This appeal followed.

## DISCUSSION

The Kims contend that the judgment should be reversed because "the trial court abused its discretion in awarding presumed damages after a finding that plaintiff failed to submit any evidence of damages" and "the damages award is excessive." These contentions are without merit for three reasons.

First, the standard of review is not abuse of discretion as the Kims argue, but the deferential substantial evidence test. "Whether a plaintiff 'is entitled to a particular measure of damages is a question of law subject to de novo review. [Citations.] The amount of damages, on the other hand, is a fact question . . . [and] an award of damages will not be disturbed if it is supported by substantial evidence.'" (*Rony v. Costa* (2012)

4

210 Cal.App.4th 746, 753.) The trial court's ruling in this regard is entitled to great deference, and we therefore consider the evidence in the light most favorable to the judgment.[2] (*Ibid.*)

Second, substantial evidence supports the damages award. Contrary to the Kims' assertion, the trial court did *not* make a finding that Mr. Kassab failed to submit any evidence of damages. The court merely noted that the evidence regarding the cost to move the water filtration system was "very limited." As noted above, the court explained the basis for its compensatory damages award in its amended statement of decision. The court explained that it relied on the testimony of Mr. Irish, a C.P.A. and certified appraiser called by Mr. Kassab, for the amount of damages on the value of the driveway. The court also relied on the testimony of Ms. Chaidez, a real estate broker called by the Heffernans, as well as the Heffernans's offer to lease the driveway for the next 10 years, in determining the amount for the lost business value without the driveway. And, in awarding damages of $37,967 for moving the water filtration system, the trial court had before it the evidence that six years earlier, in 2006, the Kims paid $20,000 to install the water filtration system, plus Mr. Kassab's testimony that a new hole would have to be dug and new permits obtained and that the work would take approximately three weeks. In the parties' "Joint Law And Facts And Verdict Forms," Mr. Kassab stated that he had testified the cost could be $80,000 or more and would probably include a minimum of two weeks of lost business. Thus, the court could reasonably add an amount to the $20,000 paid by the Kims, and the amount added was significantly less than what Mr. Kassab sought.

Third, the Kims' contention that the damages award is excessive is based primarily on the argument that "Kassab presented no evidence at trial to support the damages award, as acknowledged by the trial court when it stated 'the evidence on these costs was very limited.'" We have already rejected this argument. The Kims also argue that the damages award is not properly measured against the profits Mr. Kassab is

---

[2]      In their reply brief, the Kims argue that the judgment should still be reversed under the substantial evidence test.

5

earning from the Laundromat. To support this argument, the Kims rely on *Smith v. Hill* (1965) 237 Cal.App.2d 374, 388. But this case is of no avail because there the court stated: "The measure of damage for wrongful injury to personal property is the difference between the market value of the property immediately before and immediately after the injury, or the reasonable cost of repair if such cost be less than the depreciation in value." (*Smith v. Hill, supra,* at p. 388) Here, we are not dealing with injury to personal property, but damages caused by breach of a real property purchase agreement.

## DISPOSITION

The judgment is affirmed. Mr. Kassab is entitled to recover his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
       ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ

6